IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | Case No. 20 CR 002 |
| v. ) | |
| ) | Judge Robert W. Gettleman |
| MALIK DANIEL, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM OPINION AND ORDER**

On January 2, 2020, a federal grand jury returned an indictment against defendant Malik Daniel, charging defendant with one count of being a prohibited person in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). On July 21, 2023, defendant moved to dismiss the indictment (Doc. 74) based on a violation of his rights under the Second Amendment of the United States Constitution as applied to the facts of his case, following the Supreme Court's ruling in New York Rifle & Pistol Assn. v. Bruen, 142 S. Ct. 2111 (2022), and the Seventh Circuit's ruling in Atkinson v. Garland, 70 F.4th 1018 (7th Cir. 2023).

This court dismissed the indictment on November 7, 2023 (Doc. 85), and ordered defendant to be released from federal custody immediately on November 8, 2023 (Doc. 86). Prior to the court's order, defendant was in federal custody after waiving a detention hearing on January 29, 2020, without prejudice, during his arraignment hearing. On November 9, 2023, the government filed a notice of appeal to the Seventh Circuit from this court's November 7 order, pursuant to 18 U.S.C. § 3231 and 28 U.S.C. § 1291.[1] According to defense counsel, the government approached counsel to discuss conditions of release pending appeal, and proposed an appearance bond. Defendant refused to sign release or bond paperwork unless he could be

---

[1] On December 14, 2023, the Seventh Circuit stayed the appeal pending its resolution of United States v. Prince, No. 23-3155.

promised that, if he had to return to custody for any reason (including a violation of conditions of release), he would be sent to Jerome Combs Detention Center or another federal detention facility, not the Metropolitan Correctional Center ("MCC"). The government informed defendant that they could not make that promise.

Consequently, on December 4, 2023, the government moved to detain defendant or, in the alternative, to impose conditions of release pursuant to the Bail Reform Act, 18 U.S.C. § 3143(c) (Doc. 92). According to the government, resumed detention or the imposition of conditions of release is governed by § 3143(c), which provides that "the judicial officer shall treat a defendant in a case in which an appeal has been taken by the United States . . . in accordance with section 3142 of this title." Under 18 U.S.C. § 3142(f)(1)(E), "the judicial officer shall hold a hearing to determine whether any condition or combination of conditions . . . will reasonably assure the appearance of such person as required and the safety of any other person and the community—upon motion of the attorney for the Government, in a case that involves . . . the possession or use of a firearm."

Defendant first counters that the court has discretion to deny the government's motion without conducting a hearing. Defendant emphasizes that § 3143(c), which is entitled "release or detention pending appeal by the government," states that "the judicial officer shall treat a defendant in a case in which an appeal has been taken by the United States under section 3731 of this title, in accordance with section 3142 of this title, <u>unless the defendant is otherwise subject to a release or detention order</u>." (Emphasis added). According to defendant, while § 3143(c) requires a detention hearing pursuant to § 3142(f)(1)(E) when a defendant is not subject to a release or detention order, it is silent about situations where the defendant <u>is</u> subject to such release order. Considering the statute's silence, defendant argues that the court has discretion to

2

decline to hold a detention hearing in the instant case.

The court, however, agrees with the government that defendant is not subject to a release or detention order pursuant to § 3142. As discussed above, defendant was ordered to federal custody after waiving a detention hearing on January 29, 2020, during his arraignment hearing. Under § 3142, courts hold detention hearings to determine whether any condition or combination of conditions will reasonably assure the appearance of a defendant as required and the safety of any other person and the community, which this court did not evaluate in its November 8 order releasing defendant without any conditions.

Defendant's next argument is that § 3143(c) does not apply in the instant case because defendant is not "charged with an offense" as required by § 3142(a).[2] Defendant cites a series of cases in which district courts have determined that an "offense" no longer exists after an indictment is dismissed, including United States v. Arteaga-Centeno, 360 F.Supp.3d 1022, 1024 (N.D. Cal. 2019); United States v. Sales, No. 2:13-CR-00137-NT, 2014 WL 3728364, at *3 (D. Me. July 25, 2014); and United States v. Hudson, 3 F.Supp.3d 772, 791 (C.D. Cal. 2014), rev'd and remanded sub nom. United States v. Dunlap, 593 F. App'x 619 (9th Cir. 2014).

In Hudson, for example, the district court dismissed the indictment due to government misconduct, and ordered the defendant released. See 3 F.Supp.3d at 788. The court reasoned that there is "no legally operative charging document upon which it could possibly detain [the defendant]," and "since there is no longer an operative indictment, there is no possible way for the court to further restrain [the defendant's] liberty." Id. Defendant argues that the instant case is stronger than the defendant's case in Hudson, because the court dismissed this indictment as

---

[2] Section 3142(a), entitled "in general," provides that "upon the appearance before a judicial officer of a person charged with an offense, the judicial officer shall issue an order that, pending trial, the person be: (1) released on personal recognizance . . . ; (2) released on a condition or combination of conditions; (3) temporarily detained to permit revocations of conditional release, deportation, or exclusion ; [or] (4) detained."

constitutionally invalid, making detention or conditions of release a violation of defendant's rights under the Fifth Amendment to the U.S. Constitution. Under the Fifth Amendment, "no person shall be held to answer for a crime unless on a presentment of indictment of a Grand Jury."

Defendant further argues that § 3143, which applies when the government has filed an appeal pursuant to 18 U.S.C. § 3731, distinguishes between appeals from different types of dismissal orders. The Criminal Appeals Act, 18 U.S.C. § 3731, provides that the government can appeal "a decision, judgment, or order of a district court dismissing an indictment or information." In support, defendant cites United States v. Shavanaux, No. 2:10 CR 234 TC, 2010 WL 4608317, at *1 (D. Utah Nov. 5, 2010), which determined that § 3143(c) "encompasses circumstances raised in the technical dismissal of cases." (Emphasis added). In the instant case, defendant argues that § 3143(c) does not apply "in situations where the indictment was dismissed on the merits, in particular, constitutional merits," instead of technical issues.

The court rejects defendant's argument that § 3143 distinguishes between technical or constitutional dismissal orders. Rather, § 3143 provides that courts "shall" treat defendants "in accordance with section 3142," which requires a detention hearing, "in a case in which an appeal has been taken by the United States under section 3731 of this title." (Emphasis added). There is no statutory language to suggest that Congress intended to distinguish between types of dismissals in § 3143(c) or § 3731.

Defendant's argument that § 3142 does not apply to him is more complicated. One district court recently ruled that § 3142 (through § 3143(c)) could apply to a defendant while pending appeal of the court's post-Bruen order dismissing the indictment against him, which was

4

based on the finding, as in the instant case, that § 922(g)(1) is unconstitutional. See United States v. Quailes, No. 21 CR 0176-JPW-1 (M.D. Penn. Sept. 7, 2023).[3] Similarly, in United States v. Davis, 793 F.3d 712, 729 n.5 (7th Cir. 2015), two judges of the Seventh Circuit sitting en banc stated in dissent that "[f]or the purposes of pretrial release, when the government takes an appeal pursuant to section 3731, 18 U.S.C. § 3143(c) requires the district court to treat the defendant as if the case were still active and apply the criteria set forth in 18 U.S.C. § 3142."

One problem with the government's argument, however, is that it is not clear that it has taken an appeal "under section 3731 of [title 18]." Rather, as discussed above, based on the government's docketing statement, "[j]urisdiction in the Court of Appeals is provided by 28 U.S.C. § 1291," although the government argues in its reply brief that it has appealed pursuant to both § 1291 and § 3731. The Seventh Circuit extensively evaluated the interplay between § 1291 and § 3731 in the context of a dismissed indictment in Davis.

Specifically, in Davis, the government appealed the district court's order dismissing the indictment pursuant to § 3731, and the primary issue was jurisdictional: whether the government's appeal of the district court's order dismissing the indictment, without prejudice, pursuant to § 3731 was subject to the same finality requirement as an appeal pursuant to § 1291, which contemplates only "final decisions." See id. at 715. While the court determined that appeals pursuant to § 3731 were not subject to the same finality requirement as § 1291,[4] the two dissenting judges noted that dismissal would be final "if the district court had dismissed the indictment due to incurable pleading defect, or as a sanction for pretrial delay or some other fault

---

[3] The court ultimately did not determine whether the defendant should be detained under § 3142 because the government did not file a motion to detain him pending appeal. Id. at *6. The government instead filed a motion to stay the court's order dismissing the indictment and lifting the federal detainer, which the court denied. Id. at *14.
[4] The Seventh Circuit concluded that it had jurisdiction to review the appeal, and noted that "[i]n the course of distinguishing appeals under § 1291 from those under § 3731, the [Supreme] Court called § 3731 'a statutory exception to the final judgment rule.'" Davis, 793 F.3d at 718 (internal citations omitted).

5

that the government could not cure." Id. at 725.

Accordingly, finality is not an issue in the instant case. In fact, it is seemingly undisputed that § 1291 authorizes the government to appeal this court's decision to dismiss the indictment. Section 3143(c), however, does not provide any guidance when the government appeals a district court's dismissal of an indictment when authorized by § 1291; it merely contemplates a detention hearing pursuant to § 3142 when the government appeals pursuant to § 3731.

If the government were correct that the court's authority to detain defendant stems from § 3141(a), not § 3142(a), it would be unproblematic that § 3143(c) does not mention appeals pursuant to § 1291. Yet, the court is not persuaded that § 3141(a) applies in the instant case. Section 3141(a), entitled "pending trial," provides that "[a] judicial officer authorized to order the arrest of a person under section 3041 of this title before whom an arrested person is brought shall order that such person be released or detained, pending judicial proceedings, under this chapter." However, § 3141(b), entitled "pending sentence or appeal," is more appropriate, and mirrors the statutory language of § 3143, which is entitled "release or detention of a defendant pending sentence or appeal."[5]

Section 3141(b) provides that "[a] judicial officer of a court of original jurisdiction over an offense . . . shall order that, pending imposition or execution of a sentence, or pending appeal of conviction or sentence, a person be released or detained under this chapter." Defendant is not "pending appeal of a conviction or sentence." Defendant is not even currently charged by an indictment, and a criminal charge is a necessary precursor to both conviction and sentencing, making § 3141(b) no more helpful than § 3141(a). The government's argument under § 3143(c), which contemplates appeals from sentences pursuant to 18 U.S.C. § 3742, is likewise

---

[5] Conversely, § 3141(a), entitled "pending trial," matches the statutory language of § 3142, entitled "release or detention of a defendant pending trial."

unpersuasive.

Thus, the court is left with little guidance, and concludes that § 3143(c) provides the clearest course of action in this case. While § 1291 authorized the government to avail itself of the Seventh Circuit's jurisdiction to review this court's dismissal order, Davis suggests that the Seventh Circuit would similarly have jurisdiction over the relevant appeal pursuant to § 3731, which contemplates that the government could appeal the dismissal of an entire indictment, in addition to "any one or more counts, or any part thereof." See generally United States v. Davis, 793 F.3d 712 (7th Cir. 2015).

Under § 3143(c), this court evaluates release or detention under § 3142, which requires that a person is "charged with an offense." As the court stated in United States v. Hudson, 3 F. Supp. 3d 772, 788 (C.D. Cal.), "since there is no longer an operative indictment, there is no possible way for the court to further restrain [the defendant's] liberty." This conclusion does not mean that § 3142 is inconsistent with § 3143; rather, because § 3731 contemplates that courts might dismiss "part" of an indictment, a person could still be "charged with an offense" pursuant to the undismissed counts in an indictment despite an appeal of the dismissed counts pursuant to § 3731. Consequently, this court denies the government's motion.

7

**CONCLUSION**

For the reasons discussed above, the court denies the government's motion to detain defendant or, in the alternative, to impose conditions of release pursuant to 18 U.S.C. § 3143(c) (Doc. 92). The hearing previously set for January 11, 2024, is vacated.

**ENTER:**

**Robert W. Gettleman**
**United States District Judge**

**DATE: January 9, 2024**